UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BEVERLY F. WOODWARD,

    Plaintiff,

v.                                                       Case No. 2:20-cv-417-NPM

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## ORDER

Before the Court is an Unopposed Application for Attorney's Fees Under the Equal Access to Justice Act (Doc. 27). Plaintiff Beverly Woodward's attorney, Jonas H. Kushner, requests the Court award attorney's fees and costs pursuant to EAJA, 28 U.S.C. § 2412(d).

On September 28, 2021, the Court reversed the decision of the Commissioner and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 24). Final judgment was entered the same day. (Doc. 25). Now, Kushner requests an attorney's fee award of $11,059.22, and costs of $400. (Doc. 27, pp. 1-9).

In order for Plaintiff to receive an award of fees and costs under EAJA, the following five conditions must be established: (1) Plaintiff must file a timely application for attorney's fees; (2) Plaintiff's net worth must have been less than $2 million dollars at the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the

United States must not have been substantially justified; and (5) there must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). Upon consideration and with no opposition by the Commissioner on eligibility grounds, the Court finds all conditions of EAJA have been met.

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The resulting fee carries a strong presumption that it is a reasonable fee. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992). After review of the services provided, the Court finds 53 hours expended by attorney Kushner was reasonable. (Doc. 27, pp. 10-13).

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines an increase in the cost of living, or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Thus, determination of the appropriate hourly rate is a two-step process. The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation and are not limited to rates specifically for social security cases. *Watford*

*v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). Plaintiff requests hourly rates of $207.35 for 2020, and $212.51 for 2021, which are unchallenged by the Commissioner. The Court finds the hourly rate may be adjusted to the reasonable requested hourly rates.

Plaintiff filed an "Attorneys Fees for Social Security DIB/SSI Claims(s)" form, signed by both Plaintiff and attorney Kushner. (Doc. 27, p. 14). In this form agreement, Plaintiff assigns his rights to any EAJA fees to his attorneys. The Court will allow the fees to be paid directly to counsel if the United States Department of Treasury determines that no federal debt is owed by Plaintiff.

Finally, Woodward seeks $400 in costs for the filing fee. Pursuant to 28 U.S.C. § 2412 and as enumerated in 28 U.S.C. § 1920, this cost is permitted to be awarded to the prevailing party. Therefore, the Court awards $400 in costs.

Accordingly, it is **ORDERED** that the Unopposed Application for Attorney's Fees (Doc. 27) is **GRANTED** and the Court awards $11,059.22 in attorney's fees and $400 in costs. The attorney's fees may be paid directly to counsel if the United States Department of Treasury determines that no federal debt is owed by Plaintiff Beverly Woodward. The Clerk of Court is directed to enter an amended judgment.

Ordered in Fort Myers, Florida, on January 22, 2022.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

3